UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>CHRISTOPHER THIEME,<br><br>Defendant. | Criminal Action No. 16-294 (SDW)<br><br>**OPINION**<br><br>July 13, 2021 |

**THIS MATTER** having come before this Court upon Defendant Christopher Thieme's ("Defendant") filing of a Motion to Seal ("Motion") (D.E. 37) a portion of this Court's April 28, 2021 opinion ("Opinion") (D.E. 35), and this Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion; and

**WHEREAS** on April 28, 2021 this Court issued an Opinion denying Defendant's motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 35.) On May 11, 2021, Defendant filed the present Motion requesting that this Court seal a portion of the Opinion that mentioned sexual assault. (D.E. 37.) On June 8, 2021, the Government opposed. (D.E. 38); and

**WHEREAS** in both criminal and civil cases, it is well settled that there exists "a common law public right to access judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d. Cir. 2001). While this right is not absolute, there is a presumption of open access to the public. *See Darkins v. Cont'l Airlines, Inc.*, Civ. No. 10-6165, 2013 WL 3285049, at *2 (D.N.J. June 27, 2013). Accordingly, a party who seeks to seal a court record must "demonstrate that 'good cause' exists to overcome the presumption in favor of public access." *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civ. No. 15-6210, 2017 WL 6638204, at *1 (D.N.J. Dec. 29,

2017) (quoting *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394, 2006 WL 827889 (D.N.J. Mar. 30, 2006)). To do so, the moving party must show that "disclosure will work a clearly defined and serious injury." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted). Thus, "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194; and

**WHEREAS** Defendant is currently serving a term of 330 months imprisonment at Fort Dix Correctional Institute ("FCI Fort Dix") after pleading guilty to a two-count information charging him with attempted kidnapping and murder-for-hire. (D.E. 35 at 2.) In his Motion, Defendant argues that the Opinion "will have him branded as a sex offender and rapist." (D.E. 37 at 1.) Defendant bases his argument on his own belief that "inmates are closely reading each opinion for Compassionate Release." (*Id.*)

**WHEREAS** Defendant's Motion is rooted in broad and speculative fears that inmates at FCI Fort Dix will misconstrue this Court's Opinion. (D.E. 37 at 1.) In support, Defendant fails to plausibly allege an actual risk of harm. (*Id.*) In addition, as noted by the Government, the same facts at issue in the Opinion are "repeatedly documented" in other public filings. (*See* D.E. 38 at 2.) Thus, it is not clear how sealing any part of the Opinion would accomplish Defendant's purported goals. Therefore, Defendant has not expressed a clearly defined and serious injury to overcome the presumption of public access to court records.

Accordingly, for the reasons set forth above, Defendant's Motion (D.E. 37) is **DENIED**. An appropriate order follows.

    /s/ Susan D. Wigenton
**United States District Judge**

Orig: Clerk
cc: Parties